Linda Wendell Hsu (SBN 162971)
lhsu@selmanlaw.com
SELMAN LEICHENGER EDSON HSU NEWMAN & MOORE LLP
33 New Montgomery, Suite 1850
San Francisco, CA 94105-4537
Telephone: 415.979.0400
Facsimile: 415.979.2099

Kristina A. Fretwell (SBN 297624)
kfretwell@selmanlaw.com
SELMAN LEICHENGER EDSON HSU NEWMAN & MOORE LLP
225 Broadway, Suite 1460
San Diego, CA 92101
Telephone: 619.564.3600
Facsimile: 619.564.3636

Attorneys for Plaintiff
NAUTILUS INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> ACACIA MOBILE HOME PARK LLC; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. **'23CV2072 JLS  SBC** <br><br> COMPLAINT FOR DECLARATORY RELIEF |

COMES NOW Plaintiff Nautilus Insurance Company ("Nautilus") and alleges as follows:

## PARTIES

1.     Plaintiff Nautilus is an Arizona corporation with its principal place of business in Scottsdale, Arizona, and is authorized to transact business as a surplus

1

COMPLAINT FOR DECLARATORY RELIEF

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

1  lines insurer in the State of California.

2      2.      Nautilus is informed and believes, and thereon alleges, that defendant

3  Acacia Mobile Home Park, LLC ("Acacia") is, and at all times relevant was, a

4  California Limited Liability Company headquartered in San Diego, California, and

5  doing business in the County of San Diego, specifically as the owner, operator and/or

6  manager of the Acacia Mobile Home Park, located at 325 54th Street, San Diego,

7  California 92114 ("Park").

8      3.      Defendants Does 1 through 10, inclusive, are sued herein by such

9  fictitious names because Nautilus is unaware of the true names and capacities of said

10  DOE defendants.  Nautilus will amend this Complaint to reflect the true names when

11  the same are ascertained.  Nautilus is informed and believes, and thereon alleges that

12  said DOE defendants are responsible for the acts, events, and circumstances alleged

13  herein, or are interested parties to this action.

14                          **JURISDICTION**

15      4.      This Court has jurisdiction over the subject matter of this action

16  pursuant to 28 U.S.C. § 2201 because an actual controversy exists within the Court's

17  jurisdiction that merits relief.

18      5.      This Court also has jurisdiction pursuant to 28 U.S.C. § 1332(a)

19  because the parties' citizenship is diverse and the amount in controversy exceeds

20  $75,000, exclusive of interest and costs.

21      6.      This Court has personal jurisdiction over defendant as it has purposely

22  availed itself of the privilege of conducting activities within California.  Further, the

23  underlying actions at issue arose out of defendant's activities in California.  Thus, it

24  is reasonable for defendant to be subject to jurisdiction in California.

25                            **VENUE**

26      7.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391

27

28

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

2

COMPLAINT FOR DECLARATORY RELIEF

3891 104109 4891-6396-0710 .v2

3891 104109 4892-3667-1117 .v2

because the underlying actions for which defendant sought coverage are currently pending in the Superior Court of California, County of San Diego.  As such, a substantial part of the events or omissions giving rise to these claims occurred here.  Specifically, the underlying actions and claims giving rise to them occurred in San Diego, California.  Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391 because the defendant is a Limited Liability Company authorized to conduct business in California, and is thus, subject to personal jurisdiction here.  Venue is therefore proper pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1391(c).

<h2 style="text-align:center">THE NAUTILUS POLICY</h2>

8.     Nautilus issued Commercial Lines Policy No. NC487355 to Acacia Mobile Home Park LLC c/o Pacifica Companies LLC, effective April 5, 2019, to April 5, 2020 ("Policy").  A copy of the Policy, with premium and rating information redacted, is attached hereto as Exhibit A.

9.     The Policy provides Commercial General Liability coverage for "bodily injury," "property damage" and "personal and advertising injury" under standard Insurance Services Office Form CG 00 01 04 13.  The Policy contains definitions, conditions, exclusions and endorsements that modify the coverage.

10.     Specifically, the Policy's Commercial General Liability Conditions provide, in relevant part:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

. . .

**2. Duties In The Event Of Occurrence, Claim Or Suit**

 . . .

**b.** If a claim is made or "suit" is brought against any insured, you

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

3

COMPLAINT FOR DECLARATORY RELIEF

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

must:

   **(1)** Immediately record the specifics of the clam or "suit" and the date received; and

   **(2)** Notify us as soon as practicable.

You must see to it that we received notice of the claim or "suit" as soon as practicable.

   **c.** You and any other involved insured must:

   **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

   **(2)** Authorize us to obtain records and other information;

   **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

   **(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

   **d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

   11.   In addition, the Policy includes a Habitability Exclusion endorsement, Form No. L235 (04/11), which provides:

### HABITABILITY EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** The following exclusion is **added** to **2. Exclusions** of **Section**

4

COMPLAINT FOR DECLARATORY RELIEF

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

**I – Coverage A – Bodily Injury And Property Damage Liability, Coverage B – Personal And Advertising Injury Liability,** and **Coverage C – Medial Payments:**

This insurance does not apply to damages or expenses due to "bodily injury", "property damage", "personal and advertising injury" or medical payments arising out of or resulting from the alleged or actual:

1. Violation of any federal, state, county, or local laws, ordinances, statutes, programs, rules, health codes, or any other violation including, but not limited to, any Housing and Urban Development law, rent, stabilization laws and ordinances, state or local Section 8 (government subsidy) programs; any administrative rules or regulations pertaining to any of the foregoing including, but not limited to, those promulgated by local municipalities;

2. Failure of any insured to maintain any premises in, or restore any premises to, a safe, sanitary, health, habitable, or tenantable condition; or

3. Wrongful eviction, either actual or constructive, arising out of **1.** or **2.** Above.

B. We will have no duty to defend or indemnify any insured in any action or proceeding alleging damages arising out of the above.

## THE UNDERLYING ACTIONS

12.    On or around March 8, 2017, Monica Gonzalez Delacruz, and others, filed suit against Acacia, among others, in the San Diego County Superior Court, entitled *Monia Gonzalez Delacruz, et al. v. Acacia Mobile Home Park, LLC, et al.*, Case No. 37-2017-00008348-CU-BT-CTL ("*Gonzalez* Lawsuit").  A copy of the operative Third Amended Complaint in the *Gonzalez* Lawsuit is attached hereto as Exhibit B.

5

COMPLAINT FOR DECLARATORY RELIEF

3891 104109 4891-6396-0710 .v2

3891 104109 4892-3667-1117 .v2

13.     On or around June 5, 2019, Johnathan Gonzalez Delacruz, and others, filed suit against Acacia, among others, in the San Diego County Superior Court, entitled *Johnathan Gonzalez Delacruz v. Acacia Mobile Home Park, LL, et al.*, Case No. 37-2019-00028715-CU-BC-CTL ("*Delacruz* Lawsuit"). A copy of the operative Complaint in the *Delacruz* Lawsuit is attached hereto as Exhibit C. (The *Gonzalez* Lawsuit and the *Delacruz* Lawsuit are collectively referred to herein as the "Underlying Actions.") Nautilus is informed and believes, and thereon alleges, that the Underlying Actions were related by the court and are proceeding together, as one action.

14.     In the Underlying Actions, claimants allege they are current and former residents and/or owners of mobile homes located in the Park. Claimants allege they endured substandard conditions at the Park resulting from underlying defendants failing to maintain the sewer systems in proper working condition; overcharging for water and sewer; failing to provide potable sanitary drinking water; failing to maintain, repair and provide adequate and code compliant electricity; failing to properly charge Plaintiffs for electricity usage; failure to maintain and repair the slopes in the Park resulting in erosion and damage to property; failing to provide and maintain appropriate safe levels of street lighting; failing to maintain the trees, bushes and landscaping resulting in damage to homes; failing to provide, maintain and service appropriate laundry equipment; lack of maintenance of the trash area; failing to provide and maintain sufficient public restrooms; failing to provide and maintain the clubhouse and surrounding common areas; failing to maintain and repair perimeter fences; failing to maintain adequate storage areas for residents; failing to provide adequate playground area for children; failing to collect debris and trash; failing to provide a safe environment or adequate security measures; responding to Plaintiffs' complaints with retaliatory measures; failing to properly

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

6

COMPLAINT FOR DECLARATORY RELIEF

maintain and manage the Park resulting in financial losses to the Plaintiffs; increases in rent and utility fees without proper notice; refusal to make repairs; removing facilities and decreasing services.

15.     In the Underlying Actions, claimants alleges causes of action against underlying defendants for: (1) Nuisance; (2) Breach of Contract; (3) Breach of Duty of Good Faith and Fair Dealing (Contract); (4) Intentional Interference with Property Rights; (5) Negligence; (6) Breach of Statutes; (7) Breach of Warranty of Habitability; (8) Breach of the Covenant of Quiet Enjoyment; (9) Breach of Unfair Competition Law; and (10) Declaratory and Injunctive Relief.

16.     In the Underlying Actions, claimants seek compensatory damages, declaratory and injunctive relief, restitution, punitive damages, statutory penalties, and attorneys' fees.

## NAUTILUS' RESERVATION OF RIGHTS

17.     Nautilus received notice of the Underlying Actions on July 19, 2023, more than two years after the *Gonzalez* Lawsuit was filed, and approximately one month before the mandatory settlement conference in the Underlying Actions.  .

18.     Nautilus agreed to defend Acacia in the Underlying Actions, subject to a full and complete reservation of rights, including the rights to seek a declaration of Nautilus' rights and duties under the Policy; to seek contribution, reimbursement, and any other relief available under applicable law; and to withdraw from the defense should it be determined the Underlying Actions present no potential for coverage under the Policy.  A copy of the September 20, 2023, reservation of rights letter is attached hereto as Exhibit D.

## FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF
### (No Duty to Defend)

19.     Nautilus re-alleges and incorporates by this reference all preceding

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

7

COMPLAINT FOR DECLARATORY RELIEF

3891 104109 4891-6396-0710 .v2

3891 104109 4892-3667-1117 .v2

paragraphs above, in their entirety, as though fully set forth herein.

20.    Nautilus contends it has no duty to defend Acacia in the Underlying Actions under the Policy, as a matter of law, for the following reasons:

a.    Nautilus did not receive notice of the Underlying Actions until July 19, 2023, more than two years after the *Gonzalez* Lawsuit was filed, and approximately one month before the MSC in the Underlying Actions.  As a result, Nautilus suffered actual prejudice.

b.    All of the causes of action in the Underlying Actions arise out of and/or are related to the habitability of the Park.  Nautilus contends that coverage under the Policy is barred by the Habitability Exclusion quoted above.

21.    Nautilus is informed and believes, and thereon alleges, that Acacia disputes the foregoing contentions.

22.    An actual controversy exists between Nautilus and Acacia which requires a judicial declaration to determine the respective rights and duties of the parties under the Policy.

23.    Nautilus has no plain, speedy or adequate remedy at law.  A judicial determination and a declaration of the parties' respective rights and duties under the Policy is necessary and appropriate at this time so that the parties may resolve this dispute.

## SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF

### (No Duty to Indemnify)

24.    Nautilus re-alleges and incorporates by this reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

25.    Nautilus contends it has no duty to indemnify Acacia in the Underlying Actions under the Policy, as a matter of law, for the following reasons:

a.    Nautilus did not receive notice of the Underlying Actions until

Selman Leichenger Edson Hsu Newman & Moore LLP
ATTORNEYS AT LAW

8

COMPLAINT FOR DECLARATORY RELIEF

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

1   July 19, 2023, more than two years after the *Gonzalez* Lawsuit was filed, and

2   approximately one month before the MSC in the Underlying Actions.  As a result,

3   Nautilus suffered actual prejudice.

4           b.     All of the causes of action in the Underlying Actions arise out of

5   and/or are related to the habitability of the Park.  Nautilus contends that coverage

6   under the Policy is barred by the Habitability Exclusion quoted above.

7       26.    Nautilus is informed and believes, and thereon alleges, that Acacia

8   disputes the foregoing contentions.

9       27.    An actual controversy exists between Nautilus and Acacia which

10  requires a judicial declaration to determine the respective rights and duties of the

11  parties under the Policy.

12      28.    Nautilus has no plain, speedy or adequate remedy at law.  A judicial

13  determination and a declaration of the parties' respective rights and duties under the

14  Policy is necessary and appropriate at this time so that the parties may resolve this

15  dispute.

16  **THIRD CAUSE OF ACTION FOR REIMBURSEMENT**

17  **(Defense Expenses)**

18      29.    Nautilus re-alleges and incorporates by this reference all preceding

19  paragraphs above, in their entirety, as though fully set forth herein.

20      30.    Nautilus is defending Acacia in the Underlying Actions, pursuant to a

21  full reservation of rights, including, but not limited to, the right to recover any

22  defense costs incurred by Nautilus for non-covered claims asserted against it in the

23  Underlying Actions.

24      31.    Nautilus continues to incur expenses on behalf of Acacia for its defense

25  in the Underlying Actions.

26      32.    As a matter of law, Nautilus never had a duty to defend Acacia for

27

9

28  COMPLAINT FOR DECLARATORY RELIEF

3891 104109 4891-6396-0710 .v2

3891 104109 4892-3667-1117 .v2

1  claims in the Underlying Actions that were not even potentially covered under the

2  Policy.

3      33.    Because none of the claims, or at most only some of the claims, asserted

4  against Acacia in the Underlying Actions were potentially covered under the Policy,

5  and because Nautilus has no obligation to provide Acacia with a defense to

6  uncovered claims, Nautilus has been damaged with respect to expenses incurred for

7  the defense of uncovered claims.

8      34.    Accordingly, Nautilus is entitled to reimbursement from Acacia for

9  defense expenses, in an amount to be proven at the time of trial.

10  ### FOURTH CAUSE OF ACTION FOR REIMBURSEMENT

11  ### (Indemnity Payments)

12      35.    Nautilus re-alleges and incorporates by this reference all preceding

13  paragraphs above, in their entirety, as though fully set forth herein.

14      36.    Nautilus is defending Acacia in the Underlying Actions, pursuant to a

15  full reservation of rights, including, but not limited to, the right to recover any

16  indemnity payments made by Nautilus for non-covered claims and damages asserted

17  against it in the Underlying Actions.

18      37.    Because none of the claims asserted against Acacia in the Underlying

19  Actions are potentially covered under the Policy, and because Nautilus has no duty

20  to indemnify Acacia for uncovered claims or damages, Nautilus may be damaged in

21  the amount of indemnity payments it makes in the Underlying Actions for uncovered

22  claims and damages.

23      38.    Nautilus may incur expenses on behalf of Acacia for its indemnity in

24  the Underlying Actions.

25      39.    Accordingly, Nautilus is entitled to reimbursement, restitution and

26  recovery from Acacia for all those indemnity payments and expenses in an amount

27

28

10

COMPLAINT FOR DECLARATORY RELIEF

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

3891 104109 4891-6396-0710 .v2

3891 104109 4892-3667-1117 .v2

to be proven at the time of trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Nautilus requests the following relief from the Court:

1.      With respect to the First Cause of Action, for a judicial declaration that Nautilus has no duty to defend Acacia against the Underlying Actions under the Policy, as a matter of law;

2.      With respect to the Second Cause of Action, for a judicial declaration that Nautilus has no duty to indemnify Acacia against the Underlying Actions under the Policy, as a matter of law;

3.      With respect to the Third Cause of Action, for reimbursement of defense fees and costs Nautilus has made and continues to make in the Underlying Actions, with respect to uncovered claims, in an amount to be proven at trial;

4.      With respect to the Fourth Cause of Action, for reimbursement of indemnity payments Scottsdale may make in the Underlying Actions, with respect to uncovered claims or damages, in an amount to be proven at trial;

5.      For costs of suit, including attorneys' fees incurred herein; and

6.      For all other and further relief as this Court may deem just and proper.

Dated:  November 8, 2023

SELMAN LEICHENGER EDSON
HSU NEWMAN & MOORE LLP


By: _Kristina Fretwell_____
LINDA WENDELL HSU
KRISTINA A. FRETWELL
Attorneys for Plaintiff
NAUTILUS INSURANCE
COMPANY

*Selman Leichenger Edson
Hsu Newman & Moore LLP*
ATTORNEYS AT LAW

11
COMPLAINT FOR DECLARATORY RELIEF

3891 104109 4891-6396-0710 .v2

3891 104109 4892-3667-1117 .v2